Dean A. Reeves (# 150558)
  dreeves@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900 | Fax: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
successor by merger with Wells Fargo
Bank Southwest, N.A., f/k/a
Wachovia Mortgage, FSB, f/k/a
World Savings Bank, FSB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMELINDA VALENCIA,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, INC, and DOES 1-10, Inclusive,<br><br>Defendants. | CASE NO.: 3:14-cv-03354-NC<br><br>DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:      September 3, 2014<br>Time:      1:00 p.m.<br>Ctrm.:     A<br><br>[Assigned to the Hon. Nathanael Cousins] |

TO PLAINTIFF HERMELINDA VALENCIA, THROUGH HER ATTORNEY

OF RECORD:

PLEASE TAKE NOTICE that on September 3, 2014, at 1:00 p.m. in

Courtroom A of the above-entitled Court located at 450 Golden Gate Avenue, San

Francisco, California 94102, the Honorable Nathanael M. Cousins presiding,

defendant Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank

Southwest, N.A., f/k/a Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB

(erroneously named as "Wells Fargo Home Mortgage, Inc.") ("Wells Fargo") will

and hereby does move the Court to dismiss Plaintiff's complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint fails to state a claim upon which relief can be granted, specifically:

      1.    First Claim for Relief: Negligent Misrepresentation

Plaintiff fails to state a claim for relief because: (i) ) Plaintiff failed to plead a false representation of a past or existing material fact; (ii) Wells Fargo did not owe plaintiff a fiduciary duty, which is essential to a concealment claim; (iii) Plaintiff fails to plead the required elements and with the required specificity; and (iv) there is no actual reliance by Plaintiff.

      2.    Second Claim for Relief: Breach of Contract

Plaintiff fails to state a claim for relief because: (i) the allegations violate the Statute of Frauds (ii) Plaintiff fails to plead the required elements; and (iii) Plaintiff fails to plead facts sufficient to constitute a cause of action.

      3.    Third Claim for Relief: Promissory Estoppel

Plaintiff fails to state a claim for relief because: (i) plaintiff failed to plead a clear and unambiguous promise; and (ii) plaintiff failed to allege justifiable reliance.

      4.    Fourth Claim for Relief: Violation of Business & Professions Code § 17200

Plaintiff fails to state a claim for relief because: (i) Plaintiff failed to plead particular facts showing ongoing unlawful, unfair, and fraudulent business acts by Wells Fargo; and (ii) Plaintiff lacks standing because she failed to plead injury in fact or that she lost money or property resulting from any actions of Wells Fargo in violation of the Unfair Competition Law.

      5.    Fifth Claim for Relief: Negligence

Plaintiff fails to state a claim for relief because Wells Fargo did not owe Plaintiff a tort duty of care.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1      This motion is based on this notice of motion, the Memorandum of Points

2   and Authorities, the Request for Judicial Notice, the Court's records in this matter,

3   the arguments of the parties and counsel, and other evidence and argument that

4   may be presented prior to the Court's decision on the motion.

5

6                                              Respectfully submitted,

7   Dated:  July 31, 2014                      ANGLIN, FLEWELLING, RASMUSSEN,
                                                 CAMPBELL & TRYTTEN LLP
8

9                                              By: _____/s/ Dean A. Reeves_____
                                                    Dean A. Reeves
10                                             Attorneys for Defendant
                                               WELLS FARGO BANK, N.A., successor
11                                             by merger with Wells Fargo Bank
                                               Southwest, N.A., f/k/a Wachovia Mortgage,
12                                             FSB, f/k/a World Savings Bank, FSB

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO.:  2:14-CV-05173-PSG-MRW
MOTION TO DISMISS

1

# <u>TABLE OF CONTENTS</u>

2
Page

3  MEMORANDUM OF POINTS AND AUTHORITIES.............................................. 1

4  I.      INTRODUCTION........................................................................................... 1

5  II.     SUMMARY OF THE COMPLAINT AND JUDICIALLY
        NOTICEABLE DOCUMENTS ...................................................................... 1
6
        A.    Plaintiff's Loan. ................................................................................. 1
7
        B.    History of Wells Fargo's predecessors in interest. ........................... 2
8
        C.    Plaintiff Contends That Her Loan Modification Request Should
9             Have Been Granted. ........................................................................... 2

10 III.    LEGAL STANDARD ...................................................................................... 3

11 IV.     THE COURT SHOULD DISMISS THIS ACTION FOR FAILURE
        TO JOIN CO-BORROWER AS AN INDISPENSABLE PARTY ................. 4
12
   V.     PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM
13         FAILS FOR LACK OF SPECIFICITY AND RELIANCE. ......................... 5

14 VI.     THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH
        OF CONTRACT – THEIR PARTY BENEFICIARY ................................... 8
15
   VII.   PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM LACKS MERIT ......... 9
16
        A.    Plaintiff Cannot Establish Justifiable Reliance.................................. 10
17
        B.    Plaintiff Failed To Establish A Clear Promise. ................................. 11
18
   VIII.  PLAINTIFF'S CLAIM FOR VIOLATION OF BUS. & PROF. CODE
19         § 17200 IS NOT LINKED TO ANY WRONGFUL CONDUCT ................. 11

20      A.    Plaintiff lacks standing to bring a UCL claim. ................................. 12

21      B.    Plaintiff's vague allegations fail to state a claim for unfair
              competition......................................................................................... 14
22
        C.    Plaintiff's Origination Claims are Time-Barred ............................... 16
23
   IX.    PLAINTIFF'S NEGLIGENCE CLAIM FAILS BECAUSE THE
24         LACK OF A SUPPORTING DUTY .............................................................. 16

25 X.      CONCLUSION ............................................................................................... 19

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Armstrong v. Chevy Chase Bank, FSB*
  2012 U.S. Dist. LEXIS 144125 (N.D. Cal. Oct. 3, 2012) ................................... 18

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................... 3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................... 3

*Bickoff v. Wells Fargo Bank, N.A.*,
  2012 U.S. Dist. LEXIS 118147 (S.D. Cal. Aug. 20, 2012) ................................ 4

*Bonyadi v. Citimortgage Bank*,
  2013 U.S. Dist. LEXIS 33302 (C.D. Cal. Mar. 8, 2013) .................................. 16

*Bunce v. Ocwen Loan Servicing, LLC*,
  2013 U.S. Dist. LEXIS 100111 (E.D. Cal. July 17, 2013) ............................... 19

*CP Nat'l Corp. v. Bonneville Power Admin.*,
  928 F.2d 905 (9th Cir. 1991) .............................................................................. 5

*DeLeon v. Wells Fargo Bank, N.A.*,
  2011 U.S. Dist. LEXIS 8296 (N.D. Cal. Jan. 28, 2011) .................................... 8

*Gonzales v. Wells Fargo Bank, N.A.*,
  2012 U.S. Dist. LEXIS 154851 (N.D. Cal. Oct. 29, 2012) ............................... 18

*Guerrero v. Wells Fargo Bank, N.A.*,
  2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) .......................... 10, 11

*Hoffman v. Bank of America, N.A.*,
  2010 U.S. Dist. LEXIS 70455 (N.D. Cal. June 30, 2010) .................................. 8

*Lomayaktewa v. Hathaway*,
  520 F. 2d 1324 (9th Cir. 1975) ........................................................................... 5

*Moore v. Kayport Package Express, Inc.*,
  885 F.2d 531 (9th Cir. 1989) .............................................................................. 6

*Neilson v. Union Bank of Cal., N.A.,*
  290 F. Supp. 2d 1101 (C.D. Cal. 2003)................................................................6

*Neubronner v. Milken,*
  6 F.3d 666 (9th Cir. 1993) ....................................................................................6

*Newgent v. Wells Fargo Bank, N.A.,*
  2010 U.S. Dist. LEXIS 18476 (S.D. Cal. March 2, 2010) ...............................10

*Ramsey v. Bomin Testing, Inc.,*
  68 F.R.D. 335 (W.D. Okla. 1975) .......................................................................4

*Settle v. World Savings Bank, FSB*
  2012 U.S. Dist. LEXIS 4215 (C.D. Cal. Jan. 11, 2012)....................................18

*Starr v. Baca,*
  652 F.3d 1202 (9th Cir. 2011) ..............................................................................4

*Villa v. Wells Fargo Bank, N.A.,*
  2010 U.S. Dist. LEXIS 23741 (S.D. Cal. March 15, 2010) ..........................8, 19

*Virginia Surety Company v. Northrop Grumman Corp.,*
  144 F.3d 1243 (9th Cir. 1998) ..............................................................................5

*Wool v. Tandem Computers, Inc.,*
  818 F.2d 1433 (9th Cir. 1987) ..............................................................................6

**STATE CASES**

*Aspiras v. Wells Fargo Bank,*
  219 Cal. App. 4th 948 (2013) .......................................................................17, 18

*Biakanja v. Irving,*
  49 Cal.2d 647 (1958) ..........................................................................................18

*Bustamante v. Intuit, Inc.,*
  141 Cal. App. 4th 199 (2006).........................................................................9, 11

*Cadlo v. Owens-Illinois, Inc.,*
  125 Cal. App. 4th 513 (2004)............................................................................5, 6

*Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.,*
  20 Cal. 4th 163 (1999)........................................................................................15

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Conroy v. Regents of Univ. of Calif.*,
   45 Cal. 4th 1244 (2009).................................................................................7

*Daro v. Superior Ct.*,
   151 Cal.App.4th 1079 (2007).........................................................................12

*Eddy v. Sharp*,
   199 Cal. App. 3d 858 (1988)..........................................................................17

*Farmers Ins. Exch. v. Super. Ct.*,
   2 Cal. 4th 377 (1992)....................................................................................15

*Garcia v. World Savs., FSB*,
   183 Cal. App. 4th 1031 (2010)........................................................................9

*Graham v. Bank of Am., N.A.*,
   226 Cal.App.4th 594 (2014)............................................................................7

*Hall v. Time, Inc.*,
   158 Cal. App. 4th 847 (2008).........................................................................15

*Hamilton v. Greenwich Investors XXVI, LLC*,
   195 Cal.App.4th 1602 (2011).........................................................................13

*Ingels v. Westwood One Broad. Servs., Inc.*,
   129 Cal. App. 4th 1050 (2005).......................................................................15

*Jenkins v. JP Morgan Chase Bank, N.A.*,
   216 Cal.App.4th 497 (2013)...........................................................................13

*Khoury v. Maly's, Inc.*,
   14 Cal. App. 4th 612 (1993)...........................................................................14

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003).................................................................................14

*Kwikset Corp. v. Superior Ct.*,
   51 Cal.4th 310 (2011).............................................................................12, 13

*Laks v. Coast Fed. Savs. & Loan Assn.*,
   60 Cal. App. 3d 885 (1976)............................................................................11

*Lueras v. BAC Home Loans Servicing, LP*,
   221 Cal. App. 4th 49 (2013).....................................................................17, 18

*Mabry v. Superior Ct.*,
    185 Cal. App. 4th 208 (2010)....................................................................... 14, 19

*Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*,
    48 Cal. 3d 583 (1989)..................................................................................... 17

*Nymark v. Heart Fed. Sav. & Loan Assn.*
    231 Cal. App. 3d 1089 (1991)........................................................................ 17

*Poway Royal Mobilehome Owners Ass'n. v. City of Poway*,
    149 Cal. App. 4th 1460 (2007)........................................................................ 9

*Quelimane Co. v. Stewart Title Guar. Co.*,
    19 Cal. 4th 26 (1998)..................................................................................... 19

*Ragland v. U.S. Bank Nat. Assn.*
    209 Cal.App.4th 182 (2012)........................................................................... 17

*Saunders v. Super. Ct.*,
    27 Cal. App. 4th 832 (1994)........................................................................... 15

*Small v. Fritz Cos., Inc.*,
    30 Cal. 4th 167 (2003)..................................................................................... 5

*Smith v. City & County of San Francisco*,
    225 Cal. App. 3d 38 (1990)............................................................................ 10

*Software Design and Appl. Ltd. v. Hoeffer & Arnolt Inc.*,
    49 Cal. App. 4th 472 (1996)........................................................................... 17

*Vlat v. University of So. California*,
    5 Cal. App. 3d 935 (1970)............................................................................. 10

*Wagner v. Benson*
    101 Cal.App.3d 27 (1980).............................................................................. 17

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ......................................................................... 11, 16

Cal. Bus. & Prof. Code §§ 17200, *et seq.*............................................................. 14

Cal. Bus. & Prof. Code § 17204 ......................................................................... 12, 14

Cal. Civ. Code § 2923.5 ..................................................................................... 14

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Cal. Civ. Proc. Code § 339 ......................................................................... 19

**RULES**

Fed. R. Civ. P. 9(b) .................................................................................. 6

Fed. R. Civ. P. 12(b)(7) ........................................................................... 4

Fed. R. Civ. P. 19.................................................................................4, 5

Fed. R. Civ. P. 19 (a)(1) ........................................................................... 4

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Anglin Flewelling Rasmussen Campbell & Trytten llp

1  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2  **I.     INTRODUCTION**

3       This action arises out of a secured loan made by World Savings Bank, FSB

4  ("World Savings") in 2005 to plaintiff Hermelinda Valencia, and her co-borrower,

5  Emelita L. DeGuzman,l to finance the purchase of a home located in Daly City,

6  California.  Over the course of the last few years Plaintiff has repeatedly sought a

7  loan modification from Wells Fargo Bank, N.A. ("Wells Fargo"), World Savings'

8  successor-in-interest to Plaintiff's loan.

9       Plaintiff's predominant grievance is that her requests for a loan modification

10  have been improperly denied.  As briefed below, Plaintiff fails to state a viable

11  claim for relief against the lender.  Accordingly, Wells Fargo requests that the

12  Court grant its motion to dismiss the complaint, in its entirety, with prejudice.

13  **II.    SUMMARY OF THE COMPLAINT AND JUDICIALLY**

14        **NOTICEABLE DOCUMENTS**

15       **A.     Plaintiff's Loan.**

16       The subject property is located at 1469 Southgate Avenue, Daly City,

17  California 94015 (the "Property").  (Comp., ¶ 2.)  On July 12, 2005, Hortensia

18  Gonzalez and Emelita DeGuzman financed the Property with a loan from World

19  Savings Bank, FSB ("World Savings") (Wells Fargo's predecessor in interest) in

20  the amount of $577,500.00.  (Request for Judicial Notice ("RJN"), Exh. A.)  A

21  Deed of Trust securing this loan was recorded with the San Mateo County

22  Recorder's Office on July 18, 2005.  (RJN, Exh. B.)  In February 2009, the

23  borrowers stopped making their monthly payments, defaulted on their loan and, as

24  a result, a Notice of Default was recorded on July 1, 2009.  (RJN, Exh. C.)  A

25  Substitution of Trustee, naming NDEx West, LLC, as the new trustee, was

26  recorded on August 26, 2009.  (RJN, Exh. D.)  Subsequently, a Notice of Trustee's

27  Sale was recorded on September 5, 2013.  (RJN, Exh. E.)

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**B.**     **History of Wells Fargo's predecessors in interest.**

Wells Fargo's predecessor in interest and the lender on the subject loan, World Savings, was a federal savings bank.  (*See* Certificate of Corporate Existence issued by the Office of Thrift Supervision ("OTS"), dated April 21, 2006, RJN, Exh. F.)  World Savings was renamed Wachovia Mortgage, FSB on December 31, 2007, as shown by a letter dated November 19, 2007 from the OTS. (RJN, Exh. G.)  Effective November 1, 2009, Wachovia Mortgage, FSB was converted to a national bank with the name Wells Fargo Bank Southwest, N.A., and merged with and into Wells Fargo Bank, N.A.  These events are confirmed in the Comptroller of the Currency's ("OCC") Official Certification.  (RJN, Exh. H.)

**C.**     **Plaintiff Contends That Her Loan Modification Request Should Have Been Granted.**

On June 23, 2014, Plaintiff commenced this action in the Superior Court of California, County of San Mateo.  This action was timely removed.

Plaintiff basically alleges one grievance interspersed throughout her five claims for relief.  The allegations in the Complaint set forth a vague history of loss mitigation efforts between Plaintiff and Wells Fargo beginning in March, 2009. (Comp., ¶¶ 15-17.)  Plaintiff claims that in 2011 she was informed by Wells Fargo that if the borrower qualified under the HAMP modification program, then she would be offered a trail payment plan, followed by a permanent modification. (Comp., ¶16.)  Plaintiff alleges that she completed a HAMP application, and provided Wells Fargo with all the required documentation, and even though she qualified under the program, the bank never approved her request for a modification.  (Comp., ¶ 17.)  In sum, Plaintiff argues that Wells Fargo has not acted in good faith in responding to her many applications for assistance, and has not been offered a permanent loan modification or foreclosure alternative. Plaintiff's complaint is based on the theory that Wells Fargo's refusal to provide Plaintiff with a loan modification subjects Wells Fargo to some legal liability.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    However, as briefed below, even the most optimistic and benevolent

2    analysis of Plaintiff's complaint will lead to the conclusion that none of her claims

3    for relief have merit.

4    **III.   LEGAL STANDARD**

5    Although the complaint need not contain detailed allegations, its "[f]actual

6    allegations must be enough to *raise a right to relief above the speculative level . . .*

7    on the assumption that all the allegations in the complaint are true (even if doubtful

8    in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-557 (2007) (emphasis

9    added).  In short, it must allege "enough facts to state a claim to relief that is

10   *plausible on its face*." *Id. at 570* (emphasis added).  The "plausibility" requirement

11   governs complaints in all federal civil actions. *Ashcroft v. Iqbal*, 556 U.S. 662,

12   883-884 (2009).

13   In determining the "plausibility" of a complaint, the court must first identify

14   which statements in the complaint are factual allegations and which are legal

15   conclusions.  Courts are not bound to accept as true allegations that are legal

16   conclusions, even if cast in the form of factual allegations. *Ashcroft v. Iqbal*, 556

17   U.S. at 884.  Second, the court, drawing "on its judicial experience and common

18   sense," must decide in the specific context of the case whether the factual

19   allegations, if assumed true, allege a *plausible* claim. *Id.*   The plausibility

20   standard is *not* the equivalent to a "probability requirement," but requires more

21   than a mere possibility that the defendant has acted unlawfully. *Id.*

22   To establish a "plausible" claim, the complaint must contain "more than

23   labels and conclusions" or "formulaic recitations of the elements of a cause of

24   action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555.  "While legal

25   conclusions can provide the framework of a complaint, they must be supported by

26   factual allegations." *Ashcroft v. Iqbal*, 556 U.S. at 884.  Moreover, the factual

27   allegations in the complaint must be sufficient to nudge plaintiff's "claims across

28   the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

1  at 570.  Under the standards adopted by the Supreme Court, in order to be entitled

2  to the presumption of truth, the complaint "must contain allegations of underlying

3  facts to give *fair notice* and to enable the opposing party to *defend itself*

4  *effectively*."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis added).

5  **IV.  THE COURT SHOULD DISMISS THIS ACTION FOR FAILURE**

6  **TO JOIN CO-BORROWER AS AN INDISPENSABLE PARTY**

7  Rule 12(b)(7) provides for dismissal of an action for the failure to join a

8  party required under Rule 19. Rule 19 (a)(1) provides:

9  A person who is subject to service of process and whose

10  joinder will not deprive the court of subject-matter

11  jurisdiction must be joined as a party if: . . .

12  (B) that person claims an interest relating to the subject

13  of the action and is so situated that disposing of the

14  action in the person's absence may:

15  (i) as a practical matter impair or impede the

16  person's ability to protect the interest; or

17  (ii) leave an existing party subject to a substantial

18  risk of incurring double, multiple, or otherwise

19  inconsistent obligations because of the interest.

20  Rule 19 requires the joinder of co-borrower Emelita DeGuzman. By virtue

21  being a co-borrower on the loan and having pledged her interest in the property as

22  security for the loan (*see* RJN, Exhs. A and B), Ms. DeGuzman has an interest in

23  the claims asserted in the litigation. Co-owners and co-borrowers are indispensable

24  parties.  *See, e.g., Bickoff v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS

25  118147, at **8-9 (S.D. Cal. Aug. 20, 2012); *Ramsey v. Bomin Testing, Inc.*, 68

26  F.R.D. 335, 338 (W.D. Okla. 1975).  If the Court were to award damages relating

27  to the loan or property, Ms. DeGuzman would be entitled to a portion of those

28  damages.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Plaintiff's failure to join Ms. DeGuzman has prevented her from being able

2   to assert or protect her rights in the loan, property or litigation.  For example, as co-

3   borrower, Ms. DeGuzman's unwillingness to sign a loan modification, would

4   largely moot Plaintiff's claims in this action.

5    Moreover, Rule 19 is intended to also further the public's interest "in

6   avoiding repeated lawsuits on the same essential subject matter." *CP Nat'l Corp. v.*

7   *Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991). Here, failure to join

8   Ms. DeGuzman places Wells Fargo at substantial risk of multiple litigation.

9   Regardless of the outcome of this lawsuit, Ms. DeGuzman could institute her own

10   lawsuit alleging substantially similar claims against Wells Fargo or seeking to alter

11   the outcome of this action.

12    Finally, in interpreting Rule 19, the Ninth Circuit has stated that "'no

13   procedural principle is more deeply imbedded in the common law than that, in an

14   action to set aside a lease or a contract, all parties who may be affected by the

15   determination of the action are indispensable.'" *Virginia Surety Company v.*

16   *Northrop Grumman Corp.*, 144 F.3d 1243, 1248 (9th Cir. 1998) (*quoting*

17   *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975). Here, Plaintiff

18   expressly seeks to compel Wells Fargo to provide a loan modification and

19   monetary damages related to the Property, without even mentioning Ms.

20   DeGuzman.  Plaintiff may not obtain that relief without allowing the *other* party

21   with an interest in that property to assert her interests in this action.

22   **V.    PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM**

23   **FAILS FOR LACK OF SPECIFICITY AND RELIANCE.**

24    Plaintiff's first claim for relief is styled as Negligent Misrepresentation.

25   Negligent misrepresentation is a species of fraud and thus Plaintiff's claim must

26   also meet the heightened pleading standard of particularity. *Small v. Fritz Cos.,*

27   *Inc.*, 30 Cal. 4th 167, 173-74 (2003); *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App.

28   4th 513, 519 (2004).  The elements of fraud are: (1) misrepresentation; (2)

1   knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting

2   damages.  *Cadlo*, 125 Cal. App. 4th at 519.  The elements of negligent

3   misrepresentation are the same except there is no requirement of intent to defraud

4   or induce reliance.  *Id.*

5       "[I]t is well-established in the Ninth Circuit that both claims for fraud and

6   negligent misrepresentation must meet Rule 9(b)'s particularity requirement."

7   *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).

8   The purpose of Rule 9(b) is to ensure that "allegations of fraud are specific enough

9   to give defendants notice of the particular misconduct which is alleged to

10   constitute the fraud charged so that they can defend against the charge and not just

11   deny that they have done anything wrong.  *Neubronner v. Milken*, 6 F.3d 666, 671

12   (9th Cir. 1993).  "The complaint must specify such facts as the times, dates, places,

13   benefits received, and other details of the alleged fraudulent activity." *Id.* at 671-

14   72.  Merely identifying allegedly fraudulent conduct fails.

15       As for corporate defendants, Rule 9(b) also requires plaintiffs to specifically

16   plead:  (1) the misrepresentation, (2) the speaker and his or her authority to speak

17   (3) when and where the statements were made, (4) whether the statements were

18   oral or written, (5) if the statements were written, the specific documents

19   containing the representations, and (6) the manner in which the representations

20   were allegedly false or misleading.  *Moore v. Kayport Package Express, Inc.*, 885

21   F.2d 531, 549 (9th Cir. 1989).  Vague or conclusory allegations are insufficient to

22   satisfy Rule 9(b)'s "particularity" requirement. *Wool v. Tandem Computers, Inc.*,

23   818 F.2d 1433, 1439 (9th Cir. 1987).

24       Plaintiff alleges that Wells Fargo informed her that if she "participated in the

25   HAMP program and that if she qualified under the program's criteria, that she

26   would be offered a [Trial Period Plan]."  (Comp., ¶ 20.)  Plaintiff then contends she

27   qualified for HAMP but that Wells Fargo "never approved Plaintiff," and that

28   constitutes a "misrepresentation of fact." (Comp., ¶20.)  These few allegations are

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

completely vague and fail to satisfy the pleading requirements for such a claim. Plaintiffs fail to allege the individual from Wells Fargo that allegedly made these statements, or when the statements were made. Plaintiff also fails to allege any factual basis for what information was provided to Wells Fargo in support of her application, or why this information was sufficient to establish her qualification under the HAMP program.

Furthermore, Plaintiff fails to allege facts showing any justifiable reliance resulting in actual damage. "Actual reliance occurs when a misrepresentation is 'an immediate cause of [a plaintiff's] conduct, which alters his legal relations,' and when, absent such representation, 'he would not, in all reasonable probability, have entered into the contract or other transaction.'" *Conroy v. Regents of Univ. of Calif.*, 45 Cal. 4th 1244, 1256 (2009). Insufficient factual allegations of justifiable reliance, or any other element of fraud, subject a complaint to dismissal. *Id. See, Graham v. Bank of Am., N.A.,* 226 Cal.App.4th 594, 606 (2014) ("For active misrepresentation, a plaintiff must plead and prove reliance on the representation was a substantial factor in causing harm to the plaintiff. For fraudulent concealment, the plaintiff must plead and prove he or she sustained damage as a result of the concealment or suppression of fact.").

Here, Plaintiff alleges that she "justifiably relied" on Wells Fargo's representations, but fails to allege any conduct she undertook or failed to take as part of this reliance. (Comp. ¶ 22.) Plaintiff merely alleges that she "has suffered 2 years of unnecessary mortgage arrears, late fees and penalties." All of which occurred as a result of Plaintiff's own failure to make the monthly mortgage payments, as she was obligated to do under the terms of the loan documents. As in *Graham,* here, Plaintiff fails to plead a causal connection between her alleged damages and any actionable conduct by Wells Fargo. Indeed, Plaintiff's alleged damages are the direct result of her default on the loan, not the alleged representations occurring during Plaintiff's attempts to obtain a loan modification.

1   *See also, DeLeon v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 8296, at *19-

2   *22 (N.D. Cal. 2011).

3   **VI.    THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF**

4   **        CONTRACT – THEIR PARTY BENEFICIARY**

5           The Second Cause of Action alleges that, by failing to modify the loan,

6   Wells Fargo breached a contract between Wells Fargo and the federal government

7   to implement the Home Affordable Modification Program (HAMP).  (*See* Comp.

8   ¶¶ 27-32.)  But federal courts have recognized that borrowers have no legally

9   enforceable right to a loan modification under HAMP. "[L]enders are not required

10  to make loan modifications for borrowers that qualify under HAMP nor does the

11  servicer's agreement confer an enforceable right on the borrower." *Hoffman v.*

12  *Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 70455, at *15 (N.D. Cal. June 30,

13  2010) (citing cases; construing *Wells Fargo's* HAMP agreement); *see also Villa v.*

14  *Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 23741, at **6-7 (S.D. Cal.

15  March 15, 2010). This holding is based on the common-sense ground that:

16                  As many of the courts have recognized, it would be

17                  unreasonable for a qualified borrower seeking a loan

18                  modification to rely on the HAMP servicer's agreement

19                  as granting him enforceable rights since the agreement

20                  does not actually require that the servicer modify all

21                  eligible loans, nor does any of the other language of the

22                  contract demonstrate that the borrowers are intended

23                  beneficiaries.

24  *Hoffman*, 2010 U.S. Dist. LEXIS 70455 at *10 (emphasis added).

25          Understandably, therefore, "numerous district courts have interpreted

26  identical HAMP agreements and have come to the conclusion that a borrower is

27  not a third party beneficiary." *Id.* (citing cases).  Numerous courts have also ruled

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  that a borrower does not have standing to sue its lender for alleged violation of the

2  lender's HAMP agreement.[1]

3      In short, the HAMP contract does not require Wells Fargo to modify the

4  Plaintiff's loan and, even if it did, Plaintiff has no right to enforce the HAMP

5  contract.  Moreover, because Plaintiff had no right to receive a HAMP

6  modification, she suffered no loss due to Wells Fargo's refusal to provide one.

7  **VII.  PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM LACKS MERIT**

8      As with her claim for negligent misrepresentation, in her third claim for

9  relief, Plaintiff asserts that Wells Fargo promised to provide her with a Trial Period

10 Plan if she qualified for a modification under the HAMP program.  (Comp., ¶ 38.)

11 This vague allegations is simply insufficient to plead a claim for promissory

12 estoppel against Wells Fargo.

13     "The elements of a claim for promissory estoppel are: '(1) a clear promise,

14 (2) reliance, (3) substantial detriment, and (4) damages.'" *Poway Royal*

15 *Mobilehome Owners Ass'n. v. City of Poway,* 149 Cal. App. 4th 1460, 1471

16 (2007).  The promise must be clear and unambiguous in its terms. *Garcia v. World*

17 *Savs., FSB,* 183 Cal. App. 4th 1031, 1044 (2010).  "To be enforceable, a promise must

18 be definite enough that a court can determine the scope of the duty[,] and the limits

19 of performance must be sufficiently defined to provide a rational basis for the

20 assessment of damages." *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209

21 (2006).

22

23

---

24 [1] *See, e.g., Aleem v. Bank of Am.*, 2010 U.S. Dist. LEXIS 11944, at **8-10 (C.D.

25 Cal. Feb. 9, 2010); *Villa*, 2010 U.S. Dist. LEXIS 23741, at **5-7; *Escobedo v.*

26 *Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 117017 at *4-5 (S.D. Cal.

   Dec. 15, 2009); *Zendejas v. GMAC Wholesale Mortg. Corp.*, 2010 U.S. Dist.

27 LEXIS 64903, at *9 (E.D. Cal. June 16, 2010); *Domnie v. Saxon Mortgage*, 2010

28 U.S. Dist. LEXIS 76816, at *5 (N.D. Cal. July 14, 2010).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## A.      **Plaintiff Cannot Establish Justifiable Reliance.**

Plaintiff must allege that she detrimentally relied on Wells Fargo's purported promise. *Newgent v. Wells Fargo Bank, N.A.,* 2010 U.S. Dist. LEXIS 18476, at *17 (S.D. Cal. March 2, 2010). "Detrimental reliance is an essential feature of promissory estoppel." *Guerrero v. Wells Fargo Bank, N.A*., 2010 U.S. Dist. LEXIS 96261, at * 12 (C.D. Cal. Sept. 14, 2010). Promissory estoppel requires Plaintiff to demonstrate a change in position in response to what was promised. *Smith v. City & County of San Francisco*, 225 Cal. App. 3d 38, 48 (1990). The action induced must be "of a definite and substantial character on the part of the promissee." *Vlat v. University of So. California*, 5 Cal. App. 3d 935, 944 (1970).

In a contrived effort to establish reliance, Plaintiff simply alleges that if she had been told by Wells Fargo that it would not provide her with a loan modification she "would not have incurred an additional two years of loan arrears, late fees, and penalties." (Comp., ¶ 41.) Thus, Plaintiff claims that but for the alleged misrepresentation she would have made the loan payments she was already legally obligated to make. Plaintiff also claims that she could have "filed a chapter 13 bankruptcy to cure her delinquency through an arrears repayment plan at 0% interest." (Comp., ¶ 42) However, Plaintiff fails to allege why this particular option is no longer available, or what action by Wells Fargo has prevented her from taking such an action.

In *Guerrero v. Wells Fargo Bank, N.A.,* 2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010), the plaintiffs alleged that the lender advised them that the trustee's sale had been cancelled and that they should provide more information relating to their loan modification application. Dissimilar to the instant action, in *Guerrero* "Plaintiffs allege[d] that they would have reinstated the loan prior to expiration of the reinstatement period if they were informed that the trustee's sale would proceed." *Id*. at * 4. Granting the lender's motion to dismiss the estoppel claim, the *Guerrero* Court held that "Plaintiffs allege they detrimentally relied on

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  defendant's promise to postpone the foreclosure sale.  However, as Defendant

2  asserts, these allegations are conclusory and even if interpreted in Plaintiff's favor

3  do not sufficiently state detrimental reliance.  For example, plaintiffs fail to allege

4  facts that could establish that Plaintiffs would have been successful in

5  renegotiating their loan and retaining the Property." *Id*. at *12.

6      Plaintiff has not alleged any conduct by her that she took to her detriment

7  in reliance on the alleged misrepresentations, nor has she alleged what conduct

8  she could have taken to prevent the "imminent foreclosure of her home."

9      ## B.  Plaintiff Failed To Establish A Clear Promise.

10      The alleged oral representations must amount to a "promise clear and

11  unambiguous in its terms." *Laks v. Coast Fed. Savs. & Loan Assn.*, 60 Cal. App. 3d

12  885, 890 (1976).  "To be enforceable, a promise must be definite enough that a

13  court can determine the scope of the duty[,] and the limits of performance must be

14  sufficiently defined to provide a rational basis for the assessment of damages."

15  *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 209 (2006).

16      That a loan modification would be *completed* by Wells Fargo is hardly a

17  "clear and unambiguous" promise.  In fact, Plaintiff's own allegations state that her

18  applications were considered by Wells Fargo and that these applications were not

19  approved.  (Comp., ¶¶ 15-17.)  Additionally, to the extent that Plaintiff claims

20  there was a promise by Wells Fargo to modify Plaintiff's loan, there is no

21  indication as to what terms for a loan modification would be offered to Plaintiff, or

22  even whether those terms would be acceptable.  A couple of vague allegations that

23  are asserted by Plaintiff in her complaint are simply insufficient to adequately

24  plead a claim for promissory estoppel.

25  ## VIII.  PLAINTIFF'S CLAIM FOR VIOLATION OF BUS. & PROF. CODE
26      § 17200 IS NOT LINKED TO ANY WRONGFUL CONDUCT

27      In support of her fourth claim, Plaintiff alleges that Wells Fargo's "practice

28  of deliberately refusing to provide qualified borrowers such as Plaintiff with

1   HAMP TPP's is an 'unfair' practice under the [Unfair Competition Law]."

2   (Comp., ¶ 48.)  Additionally, Plaintiff contends that she was provided a "toxic loan

3   with the requisite Truth-In-Lending/RESPA disclosures," and that such conduct

4   also constitutes an unfair business practice.  (Comp., ¶ 49.)  Aside from the passing

5   and completely unsupported allegation related to the loan origination, Plaintiff's

6   claim arises from Wells Fargo's alleged failure to provide Plaintiff with a loan

7   modification.

8       **A.**   **Plaintiff lacks standing to bring a UCL claim.**

9       In considering the private standing requirements of Business & Professions

10  Code section 17204, the California Supreme Court set forth a "simple test" to

11  determine whether a plaintiff has standing to bring a private UCL action.  *Kwikset*

12  *Corp. v. Superior Ct.*, 51 Cal.4th 310, 322 (2011).  As stated by the Court: "To

13  satisfy the narrower standing requirements imposed by Proposition 64, a party

14  must now (1) establish a loss or deprivation of money or property sufficient to

15  qualify as injury in fact, i.e., *economic injury*, and (2) show that the economic

16  injury was the result of, i.e., *caused by*, the unfair business practice or false

17  advertising that is the gravamen of the claim."  *Id.*  In order to survive demurrer,

18  the plaintiff must plead "general factual allegations of injury resulting from the

19  defendant's conduct."  *Id.* at 327.  However, a plaintiff fails to satisfy the causation

20  prong of the statute if he or she would have suffered "the same harm whether or

21  not a defendant complied with the law."  *Daro v. Superior Ct.*, 151 Cal.App.4th

22  1079, 1099 (2007).

23      Plaintiff makes no allegations as to actual monetary damages suffered as a

24  result of Wells Fargo's conduct, but merely alleges that she "stands to suffer

25  irreparable harm if Defendant is allow to proceed with a foreclosure of the Subject

26  Property."  (Comp., ¶ 51.)  Despite these vague and conclusory allegations,

27  Plaintiff has not alleged an injury in fact, nor can she allege that she lost money or

28  property as a result of any act or omission by Wells Fargo.  Indeed, as noted above,

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

1 Plaintiff's allegations all arise from her attempt to obtain a loan modification,

2 which Wells Fargo is not legally obligated to provide. Plaintiff fails to allege how

3 she has suffered any injury from Wells Fargo refusal to provide her with something

4 to which she has no legal entitlement.

5      Indeed, any alleged injury and loss would have actually been caused by

6 Plaintiff's failure to make her mortgage payments as promised. (Comp., ¶ 15.) In

7 a similar situation, the Court in *Jenkins v. JP Morgan Chase Bank, N.A.*, 216

8 Cal.App.4th 497 (2013), held that the borrower did not have standing to bring a

9 claim for violation of UCL. In *Jenkins*, the borrower alleged that the defendant's

10 unfair business practices caused her home to be subjected to foreclosure, and

11 resulted in her incurring unspecified monetary damages. *Id.* at 520. The borrower

12 also claimed that the alleged unfair business practices entitled her to a preliminary

13 injunction prohibiting the foreclosure on her home. *Id.*

14      After noting the test for standing set forth in *Kwikset Corp.*, the Court in

15 *Jenkins* found:

16      It is also indisputable Jenkins' default triggered the

17      lawful enforcement of the power of sale clause in the

18      deed of trust, and it was the triggering of the power of

19      sale clause that subjected Jenkins' home to nonjudicial

20      foreclosure. . . . As Jenkins' home was subject to

21      nonjudicial foreclosure because of Jenkins' default on her

22      loan, which occurred before Defendants' alleged

23      wrongful acts, Jenkins cannot assert the impending

24      foreclosure of her home (i.e., her alleged economic

25      injury) was caused by Defendants' wrongful actions.

26 *Id.* at 523. Similarly, in *Hamilton v. Greenwich Investors XXVI, LLC*, 195

27 Cal.App.4th 1602 (2011), the Court of Appeal rejected the plaintiffs' attempt to

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  state a section 17200 claim based on an alleged violation of Civil Code section

2  2923.5 and stated:

> **But plaintiffs cannot properly allege they lost money**
>
> **or property "as a result of" defendants' alleged**
>
> **violation of section 2923.5** (Bus. & Prof. Code, § 17204)
>
> for the same reasons already discussed. **Plaintiffs' only**
>
> **right to relief under the statute was postponement of**
>
> **the foreclosure sale, and lenders are not required to**
>
> **take any action under the statute. (***Mabry, supra***, 185**
>
> **Cal.App.4th at pp. 214, 222– 223.)**

*Id.* at 1616-17 (emphasis added).

Here, Plaintiff has no actual loss caused by Wells Fargo's alleged conduct. Since she has no legal right to a loan modification, there is no basis for alleging actual injury when the requested relief is not provided by the lender.  Plaintiff also does not dispute that she defaulted on her loan.  As a result, the accumulated arrears, fees and penalties assessed to her loan, as well as the pending foreclosure on the Property are the result of Plaintiff's own conduct, not any act or omission by Wells Fargo.  Plaintiff therefore lacks standing to bring this claim.

**B.**  **Plaintiff's vague allegations fail to state a claim for unfair competition.**

In addition to a lack of standing, the few allegations asserted by Plaintiff fails to allege a violation of California's Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.* ("UCL").  A claim under the UCL must state with reasonable particularity the facts supporting the elements of the alleged violation.  *Khoury v. Maly's, Inc.*, 14 Cal. App. 4th 612, 619 (1993).  It requires an allegation of particular facts showing ongoing unlawful, unfair, and fraudulent business acts on the part of the defendant.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003).  Here, Plaintiff's UCL claims lack the

1    requisite specificity, and she attempts to hold Wells Fargo responsible for her

2    inability to obtain a loan modification.

3        The "unlawful" prong of the UCL applies where a practice is "forbidden by

4    law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or

5    court-made." *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-839 (1994)

6    (citation omitted).  In short, the UCL "borrows" violations of other laws and

7    authorizes a separate action pursuant to the UCL.  *See Farmers Ins. Exch. v. Super.*

8    *Ct.*, 2 Cal. 4th 377, 393 (1992).  The violation of almost any federal, state, or local

9    law may serve as the basis for a UCL claim.  *Saunders v. Super. Ct.*, 27 Cal. App.

10   4th 832, 838-39 (1994).  But where plaintiffs cannot state a claim under the

11   "borrowed" law, they cannot state a UCL claim either.  *Ingels v. Westwood One*

12   *Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005).  Plaintiff has not made

13   any credible allegations that Wells Fargo refusal to provide her with a loan

14   modification was in violation of any law.  Therefore, Plaintiff has not alleged any

15   conduct that could be found to be "unlawful."

16       The "unfair" prong applies when the practice at issue allegedly violates "the

17   policy or spirit of [anti-trust] laws because its effects are comparable to a violation

18   of the law, or that otherwise significantly threatens or harms competition." *Cel-*

19   *Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).

20   Plaintiff fails to cite any constitutional provision, statute or regulation that was

21   allegedly violated by Wells Fargo in connection with Plaintiff's application for a

22   loan modification.  Therefore, Plaintiff's claims cannot support the "unfair" prong.

23       The "fraudulent" prong, post-enactment of Proposition 64, applies where a

24   business act or practice actually misleads a plaintiff. *Hall v. Time, Inc.*, 158 Cal.

25   App. 4th 847, 849 (2008).  However, any claim Plaintiff makes regarding unfair

26   business practices based upon the "fraud prong" fails as it has not been pled with

27   specificity.  Plaintiff must also show that members of the public "are likely to be

28   deceived." *Saunders*, 27 Cal. App. 4th at 839.  Plaintiff fails to make any such

Anglin Flewelling Rasmussen Campbell & Trytten llp

CASE NO.: 2:14-CV-05173-PSG-MRW
MEMO. OF POINTS & AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   allegation.  In all, Plaintiff has failed to allege any fraudulent act by Wells Fargo,

2   and the complaint is completely devoid of any allegations that could satisfy the

3   strict pleading requirements for this claim.

4           **C.**    **Plaintiff's Origination Claims are Time-Barred**

5        Plaintiff signed her loan documents in July 2005 and the deed of trust was

6   recorded on July 18, 2005.  (RJN, Exh. A, B.)  Yet Plaintiff did not file this action

7   until June 23, 2014, almost nine years later.  As a result, any claims based on

8   conduct that took place in connection with the origination of Plaintiff's loan are

9   time barred.  The predicate acts referenced in the complaint is an alleged failure to

10  provide disclosures at origination in violation of the Truth In Lending Act and the

11  Real Estate Procedures Settlement Act.  (Comp., ¶¶ 14, 49.)  Plaintiff alleges that

12  her loan originated in July, 2005.  (Comp. ¶ 14.)  Thus, in light of the four year

13  statute of limitations for violation of section 17200, Plaintiff was required to bring

14  any such origination claim by July, 2009.  *See, Bonyadi v. Citimortgage Bank*,

15  2013 U.S. Dist. LEXIS 33302, at *18 (C.D. Cal. Mar. 8, 2013) (Court held UCL

16  claim based on conduct that took place at the time of the loan origination in June

17  2006 was time-barred by June 2010).

18  **IX.**    **PLAINTIFF'S NEGLIGENCE CLAIM FAILS BECAUSE THE LACK**

19         **OF A SUPPORTING DUTY**

20       According to Plaintiff, Wells Fargo "did owe a duty to protect Plaintiff from

21  harm to either her person or her property."  (Comp., ¶ 62.)  Plaintiff contends that

22  Wells Fargo breached this duty by failing to provide Plaintiff with a loan

23  modification under the HAMP program.  (Comp., ¶ 63.)  The allegations asserted

24  in the complaint appear to be based on the contention that Plaintiff was given a

25  loan without the requisite disclosures under TILA and RESPA (Comp., ¶¶ 56-57),

26  and that Wells Fargo's should be required provide Plaintiff with a loan

27  modification to rectify the alleged wrong in providing Plaintiff with a "toxic loan"

28  in the first place.  (Comp., ¶¶ 60, 63.)  Despite Plaintiff's claim to the contrary, the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   allegations in the complaint do not establish a duty of care owed by Wells Fargo

2   with respect to the loan modification process, and any claim for negligence based

3   on the loan's origination is clearly barred by the statute of limitations.

4          To assert a claim for negligence, Plaintiff must allege that defendants owed a

5   duty to her that was subsequently breached, and such breach was the proximate

6   cause of her injury. *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.

7   3d 583, 588 (1989). "The determination of whether a duty exists is primarily a

8   question of law." *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988). "[A]bsent a

9   duty, the defendant's care, or lack of care, is irrelevant." *Software Design and*

10  *Appl. Ltd. v. Hoeffer & Arnolt Inc.*, 49 Cal. App. 4th 472, 481 (1996).

11         In *Nymark v. Heart Fed. Savs. & Loan Ass'n*, the court explained: "[A]s a

12  general rule, a financial institution owes no duty of care to a borrower when the

13  institution's involvement in the loan transaction does not exceed the scope of its

14  conventional role as a mere lender of money." 231 Cal. App. 3d 1089, 1096

15  (1991). Indeed, "[l]iability to a borrower for negligence arises only when the

16  lender 'actively participates' in the financed enterprise beyond the domain of the

17  usual money lender." *Id.*; *see also Wagner v. Benson* (1980) 101 Cal.App.3d 27,

18  34–35; *Ragland v. U.S. Bank Nat. Assn*. (2012) 209 Cal.App.4th 182, 206 ("No

19  fiduciary duty exists between a borrower and lender in an arm's length

20  transaction.") Here, Wells Fargo's purported misconduct involves the processing

21  of Plaintiff's loan modification applications, which does not extend beyond the

22  normal business of a lender.

23         The California Court of Appeal recently held that a lender does not owe a

24  duty of care in servicing a loan or handling a borrower's loan modification

25  application. *See Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49,

26  67 (2013). The Court stated:

27                 We conclude a loan modification is the renegotiation of

28                 loan terms, which falls squarely within the scope of a

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    lending institution's conventional role as a lender of

2    money.…  The *Biakanja* factors do not support

3    imposition of a common law duty to offer or approve a

4    loan modification.  If the modification was necessary due

5    to the borrower's inability to repay the loan, the

6    borrower's harm, suffered from denial of a loan

7    modification, would not be closely connected to the

8    lender's conduct.  If the lender did not place the borrower

9    in a position creating the need for a loan modification,

10    then no moral blame would be attached to the lender's

11    conduct.

12  *Id.* at 67 (*citing Biakanja v. Irving*, 49 Cal.2d 647 (1958)).  The *Lueras* court

13  went on to conclude that the lender did not have "a duty of due care to handle

14  Lueras's loan 'in such a way to prevent foreclosure and forfeiture of his

15  property.'"  *Id.* at 68.

16       Indeed*,* the overwhelming majority of district courts have concluded that no

17  duty of care is owed by a bank when evaluating a borrower for a modification.

18  The district court in *Armstrong v. Chevy Chase Bank, FSB*, 2012 U.S. Dist. LEXIS

19  144125, at *9-*13 (N.D. Cal. Oct. 3, 2012), explained that a duty of care is not

20  even created when a lender <u>offers</u> the borrower a loan modification, because like

21  the original underwriting process, a modification review and approval is simply a

22  renegotiation of the loan terms.  See also, *Gonzales v. Wells Fargo Bank, N.A.*,

23  2012 U.S. Dist. LEXIS 154851, at *20 (N.D. Cal. Oct. 29, 2012)  ("A loan

24  modification, which is nothing more than a renegotiation of loan terms, falls well

25  within an institution's conventional money-lending role."); *Settle v. World Savings

26  Bank, FSB*, 2012 U.S. Dist. LEXIS 4215, at *24 (C.D. Cal. Jan. 11, 2012) (Court

27  dismissed negligence-related claims for failure to plead a duty of care); *Coppes v.

28  Wachovia Mortg. Corp.*, 2011 U.S. Dist. LEXIS 42061, at *17-*18 (E.D. Cal.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   April 13, 2011) (lender did not owe a duty of care in modification review because

2   it did not participate "in a financed enterprise beyond the domain of the usual

3   money lender.").

4     Wells Fargo is not obligated to provide Plaintiff with a loan modification,

5   thus Plaintiff is not able to assert a negligence claim based on the loan

6   modification review.  As repeatedly recognized by the courts, a lender has no duty

7   to modify a borrower's loan.  See *Mabry v. Superior Ct.,* 185 Cal. App. 4th 208 at

8   222-224, 231 (2010); *Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS

9   23741, at *6-*7 (S.D. Cal. March 15, 2010); *Bunce v. Ocwen Loan Servicing, LLC*,

10   2013 U.S. Dist. LEXIS 100111, at *13-*14 (E.D. Cal. July 17, 2013).  Indeed,

11   ultimately Wells Fargo has absolute discretion to deny a modification, and Plaintiff

12   fails to plead any facts that would establish a legal duty to provide her with a loan

13   modification.

14     As to the allegations regarding disclosures required by TILA and RESPA at

15   the time the loan is originally made, the statute of limitations for a negligent claim

16   is two years.  Civ. Proc. Code § 339.  As noted above, since Plaintiff alleges that

17   the negligent conduct occurred during the loan origination in July 2005 (Comp., ¶

18   14), she was required to file any negligence-based claims arising from the loan

19   origination no later than July 2007, almost seven years ago.  Thus, any such claims

20   asserted in the instant complaint are clearly time barred.

21     In any event, Plaintiff cannot establish a duty of care owed to her, and

22   without a duty of care, Plaintiff's negligence claim cannot survive.  *Quelimane Co.*

23   *v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 57-60 (1998).  For all of these reasons,

24   the fifth claim for negligence should be dismissed without leave to amend.

25   **X.** **<u>CONCLUSION</u>**

26     For each of the foregoing reasons, Wells Fargo respectfully requests that this

27   Court dismiss the complaint in its entirety, without leave to amend.  In the

28

1   alternative, Wells Fargo respectfully requests that Plaintiff be required to submit a

2   more definite statement of her case.

3

4                                          Respectfully submitted,

5   Dated:  July 31, 2014                  ANGLIN, FLEWELLING, RASMUSSEN,
                                           CAMPBELL & TRYTTEN LLP
6

7                                          By: _____/s/ Dean A. Reeves_____
                                               Dean A. Reeves
8                                          Attorneys for Defendant
                                           WELLS FARGO BANK, N.A.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Attorneys for Plaintiff:*

Arasto Farsad, Esq
FARSAD LAW OFFICE, P.C.
2905 Stender Way, Suite 76
Santa Clara, California 95054

Tel: (408) 641-9966 | Fax: (408) 866-7334

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on July 31, 2014.

| Rachelle Guillory | */s/ Rachelle Guillory* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |