IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMELINDA VALENCIA and EMELITA DEGUZMAN, | No. C 14-3354 CW |
| Plaintiffs, | ORDER GRANTING MOTION TO DISMISS (DOCKET NO. 24) |
| v. | |
| WELLS FARGO HOME MORTGAGE INC., and DOES 1-10, Inclusive, | |
| Defendants. | |
| _____/ | |

Plaintiffs Hermelinda Valencia and Emelita DeGuzman assert various mortgage-related claims against Defendant Wells Fargo Home Mortgage Inc. (Wells Fargo).  Defendant now moves to dismiss the first amended complaint.  The Court took the motion under submission on the papers.  Having considered the arguments presented by the parties, the Court GRANTS the motion and grants Plaintiffs leave to amend.

BACKGROUND

I.   Facts

The following facts are taken from the first amended complaint and from certain documents of which the Court takes judicial notice.[1]

_____

[1] Defendant asks, and there is no record of Plaintiffs opposing, that the Court take judicial notice of various recorded documents associated with Plaintiffs' purchase of the property, the refinancing loan secured by a deed of trust, and subsequent appointment of trustees and beneficiaries: (A) July 12, 2005 Adjustable Rate Mortgage Note; (B) July 12, 2005 Deed of Trust; (C) June 30, 2009 Notice of Default and Election to Sell under Deed of Trust; (D) August 14, 2009 Substitution of Trustee;

United States District Court
For the Northern District of California

Plaintiffs own real property consisting of a single-family residence located at 1469 Southgate Avenue, Daly City, San Mateo County, California (the property), which they acquired in August 2003. 1AC ¶¶ 1, 18 (Docket No. 22). Plaintiffs refinanced the property through Wells Fargo's predecessor in interest, World Savings Bank, FSB,[2] in July 2005;[3] however, they allege that they "were not advised of the pertinent terms of this loan" and were not provided with the required truth-in-lending documents. Id. ¶ 19. They stopped making payments and defaulted on their

//

//

_____

(E) November 27, 2013 Notice of Trustee's Sale; (F) April 21, 2006 Certificate of Corporate Existence; (G) November 19, 2007 Letter from the U.S. Department of Treasury, Office of Thrift Supervision; (H) November 1, 2009, Official Certification of the Comptroller of the Currency. Request for Judicial Notice, Exs. A-H (Docket Nos. 25, 25-1). When considering a motion to dismiss under Rule 12(b)(6), courts "are permitted to consider documents that were not physically attached to the complaint where the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them." Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013). Thus, the Court GRANTS Defendant's request with regard to its Exhibit A. In addition, "a court may take judicial notice of 'matters of public record.'" Sami v. Wells Fargo Bank, 2012 WL 967051, at *4 (N.D. Cal.) (citation omitted). The Court GRANTS this request with regard to Defendant's Exhibits B-H.

[2] World Savings Bank was renamed Wachovia Mortgage, FSB, on December 31, 2007. Def.'s Ex. G. On November 1, 2009, Wachovia Mortgage was converted into a national bank under the name Wells Fargo Bank Southwest, N.A., and merged into Wells Fargo Bank, N.A. Def.'s Ex. H.

[3] Plaintiffs provide the date as July 18, 2005. 1AC ¶ 19. However, the Adjustable Rate Mortgage Note is dated July 12, 2005. Def.'s Ex. A. The precise date is immaterial for purposes of this motion.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

mortgage in early 2009,[4] and a Notice of Default and Election to Sell under Deed of Trust was recorded in San Mateo County on July 1, 2009.  Id. ¶ 20; Def.'s Ex. C.

Plaintiffs allege that they contacted Defendant on an unspecified date in 2011 to request a loan modification review, at which time Defendant advised them that if they qualified for the federal Home Affordable Modification Program (HAMP), Defendant would offer them a Trial Payment Plain (TPP), followed by a modification of their loan.  1AC ¶ 21.  However, although Plaintiffs qualified for a HAMP modification, Defendant never offered them one.

Plaintiffs sued in California state court, filing their complaint on or about June 22, 2014.  Notice of Removal, Ex. 1 (Docket No. 1-1).  Defendant removed on July 24, 2014.  Notice of Removal (Docket No. 1).  A week later, Defendant made its first motion to dismiss.  (Docket No. 9).  Plaintiffs filed the present First Amended Complaint (1AC) on August 13, 2014, rendering moot the initial motion to dismiss.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

---

[4] Plaintiffs provide the month of default as March 2009.  1AC ¶ 20.  Defendant asserts that Plaintiffs defaulted in February 2009; however, it provides no evidence to support this assertion. Mot. Dismiss 1 (Docket No. 24).

Twombly, 550 U.S. 544, 570 (2007)).  On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Twombly, 550 U.S. at 555.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1061 (9th Cir. 2008).  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and facts of which the court may take judicial notice.  Id. at 1061.  However, the court need not accept legal conclusions, including "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original

complaint." <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

I.   First Cause of Action: Negligent Misrepresentation

Plaintiffs allege that, by failing to offer them a TPP and HAMP loan modification, Defendant engaged in negligent misrepresentation.

The elements of negligent misrepresentation are "(1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage." <u>Lincoln Alameda Creek v. Cooper Indus., Inc.</u>, 829 F. Supp. 325, 330 (N.D. Cal. 1992). "The elements of negligent misrepresentation are similar to intentional fraud except for the requirement of scienter; in a claim for negligent misrepresentation, the plaintiff need not allege the defendant made an intentionally false statement, but simply one as to which he or she lacked any reasonable ground for believing the statement to be true." <u>Charnay v. Colbert</u>, 145 Cal. App. 4th 170, 184-85 (2006) (citing <u>Bily v. Arthur Young & Co.</u>, 3 Cal. 4th 370, 407-08 (1992)); <u>see also</u> <u>Alliance Mortg. Co. v. Rothwell</u>, 10 Cal. 4th 1226, 1239 fn. 4 (1995) (negligent misrepresentation is a species of the tort of deceit and, like fraud, requires a misrepresentation, justifiable reliance and damage).

//

//

**United States District Court**
For the Northern District of California

A.   Rule 9(b)

    1.   Application of Rule 9(b)

"The Ninth Circuit has not yet decided whether Rule 9(b)'s heightened pleading standard applies to a claim for negligent misrepresentation, but most district courts in California hold that it does." <u>Villegas v. Wells Fargo Bank, N.A.</u>, 2012 WL 4097747, at *7 (N.D. Cal.); <u>see, e.g.</u>, <u>Errico v. Pac. Capital Bank, N.A.</u>, 753 F. Supp. 2d 1034, 1049 (N.D. Cal. 2010) ("[N]egligent misrepresentation 'sounds in fraud' and is subject to Rule 9(b)'s heightened pleading standard"); <u>In re Easysaver Rewards Litig.</u>, 737 F. Supp. 2d 1159, 1176 (S.D. Cal. 2010); <u>Neilson v. Union Bank of Cal., N.A.</u>, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); <u>but see</u> <u>Petersen v. Allstate Indem. Co.</u>, 281 F.R.D. 413 (C.D. Cal. 2012) (finding that Rule 9(b) does not apply to negligent misrepresentation claims); <u>Howard v. First Horizon Home Loan Corp.</u>, 2013 WL 6174920, at *5 (N.D. Cal.) ("negligent misrepresentation requires a showing that a defendant failed to use reasonable care -- 'an objective standard [that] does not result in the kind of harm that Rule 9(b) was designed to prevent'" (quoting <u>Petersen</u>, 281 F.R.D. at 417-18); <u>Bernstein v. Vocus, Inc.</u>, 2014 WL 3673307, at *5 (N.D. Cal.) ("The Court finds the reasoning of [<u>Petersen</u> and <u>Howard</u>] persuasive, and joins in their holdings that negligent misrepresentation claims are not subject to the heightened pleading standards of Rule 9(b).").

Here, Plaintiffs acknowledge that they must meet the heightened pleading requirements of Rule 9(b).  Pls.' Opp. at 11 (Docket No. 26) (citing, among others, <u>Harvey v. Bank of Am., N.A.</u>, 906 F. Supp. 2d 982, 995 (N.D. Cal. 2012)).

2.   Rule 9(b) Standard

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  "Therefore, in an action based on state law, while a district court will rely on state law to ascertain the elements of fraud that a party must plead, it will follow Rule 9(b) in requiring that the circumstances of the fraud be pleaded with particularity." Marolda v. Symantec Corp., 672 F. Supp. 2d 992, 996 (N.D. Cal. 2009); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  "[W]hen the claim is 'grounded in fraud,' the pleading of that claim as a whole is subject to Rule 9(b)'s particularity requirement." Marolda, 672 F. Supp. 2d at 997 (citing Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1104 (9th Cir. 2003)).  Rule 9(b) requires the plaintiff to allege "the who, what, when, where, and how" of the alleged fraudulent conduct. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).  A plaintiff must describe the alleged fraud in specific enough terms "to give defendants notice of the particular misconduct so that they can defend against the charge." Kearns, 567 F.3d at 1124. Rule 9(b) requires a plaintiff to allege "the who, what, when, where, and how" of the alleged fraudulent conduct. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).  "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991).

B.   Plaintiffs failed sufficiently to plead negligent misrepresentation

1.   Plaintiffs failed to meet the heightened Rule 9(b) pleading standard

Plaintiffs only generally allege that at some time during 2011 they contacted Defendant concerning a possible loan modification and were told by Defendant that a loan modification was possible if they qualified.  Plaintiffs fail to specify (1) the name or any other information that would identify the person to whom they spoke; (2) what, precisely, that person told them (verbally or in writing); or (3) the date (or dates) on which they spoke with that person.  Accordingly, Plaintiffs have failed to state with particularity facts sufficient to sustain their negligent misrepresentation claim.

2.   Plaintiffs' allegations are insufficient even to survive Rule 8 review

Even if their claim was not subject to the heightened Rule 9(b) pleading standard, Plaintiffs have not plead facts sufficient to sustain their negligent misrepresentation claim.  In particular, a claim for negligent misrepresentation must allege, among other elements, that the defendant made a misrepresentation of a past or existing material fact, that the plaintiff justifiably relied upon that misrepresentation, and that the plaintiff suffered damages as a result.  Lincoln Alameda Creek, 829 F. Supp. at 330.  Plaintiffs' amended complaint alleges no such facts.

First, Plaintiffs fail to allege a misrepresentation of a past or existing material fact.  In Tarmann, the court found that a promise to pay money in the future was not actionable as

United States District Court
For the Northern District of California

negligence because it was a misrepresentation of intention rather than a misrepresentation of fact.  2 Cal. App. 4th at 158-59. Here, Plaintiffs allege that Defendant promised to offer them a TPP and a loan modification if they qualified, and then failed to follow through on that promise.  Such a promise is not an actionable past or existing material fact.

In addition, even if Plaintiffs' claim that Defendant reneged on its promise was sufficient, they fail to allege any action that they took in justifiable reliance on that claim.  "California courts have recognized that, to establish liability for negligent misrepresentation, the plaintiff must make a showing of 'actual reliance' on the defendant's misrepresentation." FDIC v. Warren, 2013 U.S. Dist. LEXIS 31848, at *13 (N.D. Cal.) (citing Mirkin v. Wasserman, 5 Cal. 4th 1082, 1088 (1993) (citing, in turn, Garcia v. Superior Court, 50 Cal. 3d 728, 737 (1990))).  "Actual reliance occurs when a misrepresentation is an immediate cause of [a plaintiff's] conduct, which alters his legal relations, and when, absent such representation, he would not, in all reasonable probability, have entered into the contract or other transaction." Conroy v. Regents of Univ. of Calif., 45 Cal. 4th 1244, 1256 (2009) (internal quotations omitted).  Plaintiffs' amended complaint makes no such allegation specific to Defendant; instead, it merely cites national statistics concerning the low number of HAMP applicants who actually received loan modifications.  1AC ¶ 31, n.4.[5]

---

[5] In their Opposition brief, Plaintiffs argue that they "(1) worked diligently and tirelessly to satisfy Wells Fargo's repetitive and redundant document requests; (2) they spent countless hours negotiating with Wells Fargo; and (3) Plaintiffs

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Finally, Plaintiffs generally allege, "As a direct and proximate result of Defendants' Negligent Misrepresentation, Plaintiffs have suffered three years of unnecessary mortgage arrears, late fees, penalties and damage to their credit." Id. ¶ 32. However, Plaintiffs allege no facts to suggest that the damages they articulate are the result of Defendant's actions, as opposed to being merely the result of their default.

For these reasons, the motion to dismiss Plaintiffs' first cause of action, negligent misrepresentation, is GRANTED.

II.  Second Cause of Action: Promissory Estoppel

Relying on the same facts that they asserted in their first cause of action, Plaintiffs make a claim for promissory estoppel.

"The purpose of [promissory estoppel] is to make a promise that lacks consideration (in the usual sense of something bargained for and given in exchange) binding under certain circumstances." Cockrell v. Wells Fargo Bank, N.A., 2013 WL 3830048, at *4 (N.D. Cal.) (citation omitted).  "Promissory estoppel requires: (1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance."  Id.  "Under this doctrine a promisor is bound when he

lost the opportunity to pursue other methods to avoid foreclosure."  Pls.' Opp. at 12-13.  However, the amended complaint contains no allegations whatsoever concerning burdensome document production or any negotiations with Defendant, and merely states in a conclusory manner that Plaintiffs might have filed for bankruptcy in 2011, but that now bankruptcy would be impractical. 1AC ¶ 42.

should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement." Panaszewicz v. GMAC Mortg., LLC, 2013 WL 2252112, at *4 (N.D. Cal.) (citation omitted).

As plead, the alleged promise to provide a TPP and a HAMP loan modification if Plaintiffs qualified does not constitute a "clear and unambiguous" promise.  Such a statement might qualify as a promise if the qualifications for a loan modification in Plaintiffs' circumstances were so clear and unambiguous that Plaintiffs could plead specific facts demonstrating the qualifications and their ability to meet them given the loan amount, their income, and arrears.  Plaintiffs' promissory estoppel claim fails for other reasons as well.  First, as set forth above, Plaintiffs have not alleged any facts that would tend to demonstrate their reliance on such a promise.  Plaintiffs cite Bushell v. JP Morgan Chase Bank, N.A., 220 Cal. App. 4th 915, 930 (2013), for the proposition that plaintiffs who "alleged that they repeatedly contacted defendant, repeatedly prepared documents at defendant's request, discontinued efforts to pursue a refinance from other financial institutions, or to pursue other means of avoiding disclosure, and lost their home," had sufficiently alleged detrimental reliance.  Pls.' Opp. at 16 (citing Bushell).  However, Plaintiffs' amended complaint contains no such factual allegations.

Even if it did, Plaintiffs' damage claim is insufficient.  Plaintiffs allege that they "incurred three additional years of loan arrears, late fees, penalties, credit damage, and [are]

United States District Court
For the Northern District of California

facing imminent foreclosure of their home," and that they might have avoided these damages had they filed for bankruptcy in 2011 instead of pursuing a HAMP loan modification.  1AC ¶¶ 41-43. Again, as above, Plaintiffs fail to articulate why any loan arrears, late fees, penalties, and credit damage are the result of any promise made by Defendant, and not the result of Plaintiffs' default.  In addition, although Plaintiffs suggest that they might have received more favorable treatment had they applied for bankruptcy in 2011, they allege no specific facts to suggest that they would have filed for bankruptcy and obtained a favorable outcome but for Defendant's alleged promises.  See Gerbery v. Wells Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 107744, at *6 (S.D. Cal.) (plaintiffs' claim that "they gave up opportunities to obtain an alternative loan with more favorable terms . . . is a hypothetical injury, since the FAC provides no details of other loans available to them, whether they sought quotes from other lenders, or whether other lenders had offered more favorable loan terms to borrowers with credit ratings similar to Plaintiffs'.").

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' promissory estoppel claim.

III. Third Cause of Action: Violation of California Business and
     Professions Code Section 17200 et seq. (the Unfair
     Competition Law, or UCL)

Plaintiffs allege that Defendant's "practice of deliberately refusing to provide qualified borrowers such as Plaintiffs with HAMP TPP's is an 'unfair' business practice under the UCL. Furthermore, issuing the subject toxic loan without the requisite

**United States District Court**
For the Northern District of California

Truth-in-Lending / RESPA disclosures is unfair as well."  1AC
¶ 47.

The UCL prohibits "any unlawful, unfair or fraudulent
business act."  Cal. Bus. & Prof. Code § 17200 et seq.  Plaintiffs
only allege an "unfair business practice" claim.  1st Am. Compl.
¶¶ 47-49.

The California Supreme Court has not established a definitive
test to determine whether a business practice is unfair under the
UCL.  See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20
Cal 4th 163, 187 n.12 (1999) (stating that the test for unfairness
in cases involving business competitors is "limited to that
context" and does not "relate[] to actions by consumers").
California courts of appeal have applied three different tests to
evaluate claims by consumers under the UCL's unfair practices
prong.  Drum v. San Fernando Valley Bar Ass'n, 182 Cal. App. 4th
247, 256 (2010).

Under one test, a consumer must allege a "violation or
incipient violation of any statutory or regulatory provision, or
any significant harm to competition."  Id.  The "public policy
which is a predicate to a consumer unfair competition action under
the 'unfair prong' of the UCL must be tethered to specific
constitutional, statutory, or regulatory provisions."  Id.

Under the second test, the "unfair prong" requires a consumer
to plead that (1) a defendant's conduct "is immoral, unethical,
oppressive, unscrupulous or substantially injurious to customers,"
and (2) "the utility of the defendant's conduct" is outweighed by
"the gravity of the harm to the alleged victim."  Id. at 257

13

1    (citing <u>Smith v. State Farm Mut. Auto. Ins. Co.</u>, 93 Cal. App. 4th
2    700, 718-19 (2001)).

3        The third test, which is based on the Federal Trade
4    Commission's definition of unfair business practices, requires
5    that, as a result of unfair conduct, "(1) the consumer injury must
6    be substantial; (2) the injury must not be outweighed by any
7    countervailing benefits to consumers or competition; and (3) it
8    must be an injury that consumers themselves could not have
9    reasonably avoided." <u>Id.</u> (citation and internal quotation marks
10   omitted).

11       In <u>Lozano v. AT&T Wireless Serv., Inc.</u>, 504 F.3d 718, 736
12   (9th Cir. 2007), the Ninth Circuit endorsed the tethering test or
13   the balancing test and declined "to apply the FTC standard in the
14   absence of a clear holding from the California Supreme Court."
15   <u>See also</u> <u>Ferrington v. McAfee, Inc.</u>, 2010 WL 2910169, at *12 (N.D.
16   Cal.) ("[p]ending resolution of this issue by the California
17   Supreme Court, the Ninth Circuit has approved the use of either
18   the balancing or tethering tests in consumer actions, but has
19   rejected the FTC test") (citation omitted); <u>I.B. ex rel. Fife v.</u>
20   <u>Facebook, Inc.</u>, 905 F. Supp. 2d 989, 1010-11 (N.D. Cal. 2012).

21       Under either the tethering test or the balancing test,
22   Plaintiffs fail to plead sufficient facts to support a claim under
23   the unfairness prong of the UCL.  Plaintiffs have not sufficiently
24   "tethered" their UCL claim to any "specific constitutional,
25   statutory, or regulatory provisions."  Plaintiffs also have failed
26   to show how Defendant's actions were "immoral, unethical,
27   oppressive, unscrupulous or substantially injurious to consumers,"
28   especially because, as set forth above, they to allege sufficient

**United States District Court**
For the Northern District of California

14

United States District Court
For the Northern District of California

facts to support the allegation that they were harmed due to reliance upon Defendant's alleged promises.  In their opposition brief, Plaintiffs expressly state that their UCL claim has its grounds in their negligent misrepresentation and promissory estoppel claims.  Pls.' Opp. at 18-19.  The Court has already determined that those claims must be dismissed, and, therefore, they cannot serve as the grounds for a UCL claim.

In addition, to the extent that Plaintiffs' claim arises from the alleged failure of Defendant's predecessor-in-interest to provide required truth-in-lending forms,[6] such a claim would be time-barred.  A UCL claim is subject to a four-year statute of limitations.  Cal. Bus. & Prof. Code § 17208.  Plaintiffs obtained the loan at issue in July 2005, but did not bring the present action until June 2014, almost nine years later.  Plaintiffs do not argue that the statute of limitations is subject to tolling, and they have plead no facts that would warrant such tolling. They appear to concede that their claims are not based on the 2005 loan.  Consequently, any failure to provide Plaintiffs with required paperwork in 2005 cannot give rise to their present UCL claim.

Consequently, with regard to Plaintiffs' UCL claim, Defendant's motion to dismiss is GRANTED.

//

//

//

---

[6] See 1AC ¶ 47 ("[I]ssuing the subject toxic loan without the requisite Truth-in-Lending / RESPA disclosures is unfair as well.").

United States District Court
For the Northern District of California

IV.   Fourth Cause of Action: Negligence

Plaintiffs claim that Defendant owed them a duty of care to offer them a TPP and HAMP loan modification,[7] that its failure to do so was a breach of that duty, and that they suffered damages as a consequence of that breach.  1AC ¶¶ 63-65.

A cause of action for negligence must allege (1) the defendant's legal duty of care to the plaintiff; (2) the defendant's breach of that duty; (3) injury to the plaintiff as a result of the breach; and (4) damage to the plaintiff.  Hoyem v. Manhattan Beach City Sch. Dist., 22 Cal. 3d 508, 513 (1978).  "The legal duty of care may be of two general types: (a) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated, or (b) an affirmative duty where the person occupies a particular relationship to others."  McGettigan v. Bay Area Rapid Transit Dist., 57 Cal. App. 4th 1011, 1016-17 (1997).

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as

---

[7] Plaintiffs also claim, albeit in a parenthetical, that Defendant breached its duty to Plaintiffs by "issuing the subject loan."  1AC ¶ 64.  Even assuming for the sake of argument that Defendant had a duty to Plaintiffs when issuing the subject loan, such a claim is time-barred.  As noted above, the subject loan was issued in July 2005.  The statute of limitations for a negligence claim is two years.  Cal. Civ. Proc. Code § 339.  Thus, the deadline for Plaintiffs to bring a negligence claim arising from the subject loan passed in July 2007.  Plaintiffs did not bring the current action until June 2014, more than seven years after the statute of limitations passed, and they neither argue nor assert facts that would demonstrate that this deadline has not run or should be tolled in the present case.

a mere lender of money." <u>Nymark v. Heart of Fed. Savings & Loan Ass'n</u>, 231 Cal. App. 3d 1089, 1095 (1991); <u>see also</u> <u>Kinner v. World Savings & Loan Ass'n</u>, 57 Cal. App. 3d 724, 732 (1976) (holding no duty of care owed by lender to borrower to ensure adequacy of construction loan); <u>Wagner v. Benson</u>, 101 Cal. App. 3d 27, 35 (1980) (finding no duty owed by lender to borrower where lender is not involved extensively in borrower's business).

Here, Plaintiffs allege no facts that would support a finding that Defendant owed them a duty of care in considering their application for a HAMP loan modification.  Plaintiffs ask the Court to follow <u>Alvarez v. BAC Home Loans Servicing, L.P.</u>, 228 Cal. App. 4th 941 (2014), in which the court held that the lender defendant owed a duty of care to the plaintiffs.  <u>Id.</u> at 948. However, <u>Alvarez</u> is not applicable in the present case.  In <u>Alvarez</u>, the plaintiffs alleged that the defendants breached their duty "by (1) failing to review plaintiffs' applications in a timely manner, (2) foreclosing on plaintiffs' properties while they were under consideration for a HAMP modification and (3) mishandling plaintiffs' applications by relying on incorrect information."  <u>Id.</u> at 945.  No such allegations are at issue in the present case.[8]  In the absence of any circumstances that would impose a duty of care on Defendant, Defendant had no duty of care

---

[8] Plaintiffs do allege that Defendant "t[ook] more than three years to review something [the HAMP application] that should not have taken more than six months."  1AC ¶ 29.  However, this is a cursory and conclusory allegation.  Plaintiffs do not explain when they applied, what documentation was requested and when they provided it, or what other response they received and when. Further, Plaintiffs allege no specific harm that they suffered as a result of the alleged delay.

United States District Court
For the Northern District of California

1  to Plaintiffs in reviewing their application for a HAMP

2  modification.

3     Accordingly, the Court GRANTS Defendant's motion to dismiss

4  Plaintiffs' negligence claim.

5                          CONCLUSION

6     When granting a motion to dismiss, the court is generally

7  required to grant the plaintiff leave to amend, even if no request

8  to amend the pleading was made, unless amendment would be futile.

9  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911

10  F.2d 242, 246-47 (9th Cir. 1990).  Here, Plaintiffs have not

11  sought leave to amend if the motion is granted.

12     Further, Defendant made the same arguments in its first

13  motion to dismiss, and Plaintiffs failed to cure the defects in

14  their amended complaint.  Nonetheless, the Court will grant

15  Plaintiffs leave further to amend their complaint to remedy these

16  deficiencies if they can do so truthfully and without

17  contradicting the allegations in their prior pleadings.  Within

18  fourteen days of the date of this order, Plaintiffs may file an

19  amended complaint to remedy the deficiencies identified above.

20  They may not add further claims or allegations not authorized by

21  this order.  If Plaintiffs file a second amended complaint,

22  Defendant shall respond without fourteen days after it is filed.

23  If Defendant files a motion to dismiss, Plaintiffs shall respond

24  to the motion within fourteen days after it is filed.  Defendant's

25  reply, if necessary, shall be due seven days thereafter.  Any

26  motion to dismiss will be decided on the papers.

27  //

28  //

1    For the reasons set forth above, the Court GRANTS Defendant's

2  motion to dismiss (Docket No. 24), and Plaintiffs' complaint is

3  DISMISSED.

4    IT IS SO ORDERED.

5  Dated: November 7, 2014

                             CLAUDIA WILKEN

                             United States District Judge

**United States District Court**
For the Northern District of California